```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

DEREK N. JARVIS                 :
                                :
    v.                          :   Civil Action No. 23-1029
                                :
DISTRICT TACO, LLC              :
                                :

**MEMORANDUM OPINION**

**I.   Background**

On December 7, 2022, Plaintiff Derek Jarvis filed a complaint against Defendant District Taco, LLC, in the Circuit Court for Prince George's County. (ECF No. 13-1, at 11). Plaintiff contends that, on two occasions in March 2021, Defendant's employees refused to serve Plaintiff because of Plaintiff's race. (ECF No. 4, at 4). Plaintiff alleges that on both occasions, "two White Hispanic female[] [employees] sat down and refused to get up" when Plaintiff tried to order food. (ECF No. 4, at 4). These same employees allegedly "laughed" in response to Plaintiff's requests for service. (ECF No. 4, at 4).

The complaint contains four counts: (1) a claim for "interference with the right to contract & discrimination" under "Section 20-602 of the Maryland Annotated Code," (2) a tort claim for "negligent training and supervision," (3) a claim for "discrimination in public accommodations" under "Maryland anti-

discrimination codes," and (4) a claim of "racially motivated" discrimination against Plaintiff's "right to contract." (ECF No. 4, at 5-6). While Count IV does not expressly cite a state or federal statute, it purports to "state[] a claim as may be seen in *Hall v. Pennsylvania State Police*, 570 F.2d 86 (3d Cir. 1978)," a case which involved a federal claim under 42 U.S.C. § 1981 of the Civil Rights Act of 1866. (ECF No. 4, at 5-6). To redress these alleged wrongs, Plaintiff asks the court for compensatory and punitive damages, injunctive relief, and a judgment declaring that Defendant "violate[d] Maryland's anti-discrimination laws . . . and the Constitution under the 14th Amendment." (ECF No. 4, at 7).

On March 31, 2023, Defendant moved in the Circuit Court to dismiss the complaint. (ECF No. 13-1, at 34). Plaintiff responded on April 7 and Defendant replied on April 13. (ECF No. 13-1, at 60, 78). Then, on April 18, Defendant removed the case to this court based on federal question jurisdiction. (ECF No. 1). Defendant filed a motion to dismiss in this court, (ECF No. 5), Plaintiff responded, (ECF No. 6), and Defendant replied, (ECF No. 7). Finally, Plaintiff filed an emergency motion to remand the case, arguing that this court lacks federal question jurisdiction and that the removal was untimely. (ECF No. 12). Defendant responded. (ECF No. 14).

**II.  Standards of Review**

Under 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  The removing party has the burden of demonstrating jurisdiction and the propriety of removal.  *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).  On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."  *Barbour v. Int'l. Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc), *abrogated by statute on other grounds by* 28 U.S.C. § 1446(b)(2)(B).

**III. Analysis**

A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  To decide whether federal question jurisdiction exists, courts typically examine the complaint to "discern whether federal or state law creates the cause of action."  *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (internal quotation marks omitted).  Generally, a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."  28 U.S.C. § 1446(b)(1).   If, however, "the case stated by the initial pleading is not removable," the defendant may remove the case

3

within thirty days after it receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Plaintiff argues that the court lacks federal question jurisdiction because his complaint does not assert a federal claim. (ECF No. 12, at 3-5). He also argues that the removal was untimely because Defendant removed the case more than thirty days after the complaint was purportedly served. (ECF No. 12, at 5). Defendant, on the other hand, argues that federal question jurisdiction exists because—in a response to the motion to dismiss filed in state court—Plaintiff purportedly clarified that he "actually meant to allege [federal] causes of action." (ECF No. 1, at 2). Defendant also argues that the statutory removal period began to run when Plaintiff filed his response to the motion to dismiss, which Defendant asserts was the "paper from which it . . . first . . . ascertained" that the case was removable, *see* 28 U.S.C. § 1446(b)(3). (ECF No. 14, at 4-5). Defendant thus argues that it timely removed the case within thirty days of the response to the motion to dismiss being filed.

A careful examination of the state court complaint shows that it does assert a claim arising under federal law, despite the position of the parties. Most notably, at the end of the complaint, Plaintiff asks the court to declare that Defendant

4

violated "the Constitution under the 14th Amendment." (ECF No. 4, at 7). Likewise, in Count IV, Plaintiff purports to "state[] a claim as may be seen in *Hall v. Pennsylvania State Police*, 570 F.2d 86 (3d Cir. 1978)." (ECF No. 4, at 6). In that case—which involved no state law claims—the United States Court of Appeals for the Third Circuit held that a plaintiff had plausibly stated a federal law claim under 42 U.S.C. § 1981 of the Civil Rights Act of 1866. *Id.* at 92. The plaintiff in *Hall* asserted that a business violated § 1981 because it did not "extend the same treatment" to customers of different races. *Id.* Similarly, in this case, Plaintiff alleges that Defendant "den[ied] him the ability to purchase goods[] because of his race." (ECF No. 4, at 6). Simply put, by raising a "claim as may be seen in" *Hall*, the complaint raises a federal law claim. Plaintiff's reference to a § 1981 case fits well with his assertion that Defendant violated the Fourteenth Amendment. Indeed, § 1981 "constituted an initial blueprint of the Fourteenth Amendment," and the Amendment "constitutionaliz[ed] and expand[ed]" the statute's protections. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 721 (1989) (internal quotation marks omitted). Finally, while Count IV does not expressly cite § 1981, it does state that Defendant denied Plaintiff "the same right to enjoy the benefits, privileges, terms, and conditions, of the right to contract as enjoyed by white citizens." (ECF No. 4, at 6). That language closely tracks §

5

1981's text. *See* 42 U.S.C. § 1981(a)-(b) (stating that all people "shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens," including "the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.").

Because the state court complaint, as filed, clearly raised a federal claim, Defendant is wrong to assert that the removal period was tolled until plaintiff filed his response to the motion to dismiss. An "other paper" after the complaint can trigger the removal period only when "the case stated by the initial pleading is not removable." 28 U.S.C. 1446(b)(3). The case stated by this complaint *was* removable, so it was not necessary or appropriate to rely on any clarification in Plaintiff's response to the motion to dismiss.

A party has thirty days after "receipt" of the complaint to remove an action. 28 U.S.C. § 1446(b)(1). While the statute states that the removal period commences when a defendant receives the complaint "through service or otherwise," 28 U.S.C. § 1446(b)(1), the Supreme Court has interpreted the statute to require "formal service" under state law before the removal period can begin. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 351-56 (1999). Applying that holding here, the removal period would begin to run only when—or if—Defendant was properly served under Maryland law.

6

There is a factual dispute, however, over whether such service occurred. In Maryland, service by mail is proper only when the complaint and summons are sent using "certified mail requesting . . . [r]estricted [d]elivery." Maryland Rule 2-121(a) (internal quotation marks omitted). Service is thus invalid where, for example, the plaintiff merely sends the documents by first class mail. *Md. State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 355 (D. Md. 1996). The parties have presented contradicting evidence as to whether Defendant was served properly under state law.

Plaintiff asserts that he formally served Defendant by certified mail with restricted delivery on February 23, 2023. Through an online business record search, Plaintiff identified Defendant's service agent (Christopher Medhurst) and its corporate address (2828 Fallfax Drive, Falls Church, VA 22042). (ECF No. 6, at 15-18). Plaintiff then purportedly sent the complaint and summons by certified mail to that agent at that address. (ECF No. 6, at 15-18). To support these assertions, Plaintiff submitted an image of a certified mail receipt which lists the same address and appears to have a signature from Mr. Medhurst dated February 23, 2023. (ECF No. 6, at 17). A checkmark appears next to the "Restricted Delivery" box on the receipt. (ECF No. 6, at 17). If—as the receipt suggests—Defendant was properly served on February 23, then the April 18 removal would be untimely.

Defendant, however, claims that the certified mail receipt is "fabricated." (ECF No. 7, at 1). In a sworn affidavit, Mr. Medhurst states that he never signed the receipt; he claims that the signature displayed there is "not [his] signature." (ECF No. 7, at 8). Indeed, Mr. Medhurst claims that he could not have signed the receipt on February 23 because he was away from the office on paid leave from February 13 to February 27. (ECF No. 7, at 8). What is more, Mr. Medhurst states that Defendant no longer maintains an office at the Fallfax Drive address to which Plaintiff sent the complaint and summons. Rather, about four years ago, Defendant moved to a nearby office located at 2890 Emma Lee Street. (ECF No. 7, at 8).

Mr. Medhurst provides a very different explanation for how Defendant received the complaint. He claims that an envelope containing the complaint and summons was "delivered by the USPS" to the Emma Lee Street office address. (ECF No. 7, at 7). This envelope purportedly arrived by "regular mail"—not certified mail—and it "was simply left at the front desk with the rest of the U.S. mail." (ECF No. 7, at 7). While Defendant submitted an image of the envelope it received, that envelope lists the Fallfax Drive address that appears on the certified mail receipt and displays a tracking number that matches the receipt as well. (ECF No. 13-1, at 59). Of course, if Defendant was never properly served, then the removal period never commenced (until Defendant waived service

8

of process by appearing in state court), and the removal would not be untimely. *Cf. Murphy Bros.*, 526 U.S. at 348, 351-56 (holding that the removal period began when the plaintiff "officially served [the defendant] under local law by certified mail," not when the defendant received the complaint by fax).

An evidentiary hearing is necessary to resolve this dispute. At the hearing, the parties should be prepared to address: (1) whether Defendant was properly served under Maryland law—and thus, whether the removal was timely—and (2) the issues raised in Defendant's motion to dismiss.  (ECF No. 5).  If the court finds that the removal was timely, it will resolve the motion to dismiss at the hearing as well.[1]

                                                                /s/
                                                         DEBORAH K. CHASANOW
                                                         United States District Judge

---

[1] Defendant has advised the court that the Circuit Court for Prince George's County recently granted the motion to dismiss that Defendant filed in state court prior to removal.  Once a case has been removed, however, "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).  Thus, the Circuit Court's dismissal order is void. *See, e.g., Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 249 (4th Cir. 2013) ("[A]ny post-removal actions taken by the state court in the removed case action are void *ab initio*.").